**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

FREEDOM WIRELESS, INC.,          §
                                 §
vs.                              §          CASE NO. 2:07-CV-152
                                 §
SUNCOM WIRELESS HOLDINGS,        §
INC., ET AL.                     §

## MEMORANDUM OPINION AND ORDER

**1.     Introduction**

Suncom Wireless Holdings, Inc. ("SWHI"), Suncom Wireless, Inc. ("SWI"), and Suncom

Wireless Operating Company, LLC ("SWOC") (collectively "Suncom") filed a motion (#31) to

dismiss for lack of personal jurisdiction.[1]  For the foregoing reasons, the court denies Suncom's

motion to dismiss.

**2.     Factual Background**

Freedom Wireless is a development and technology company based in Phoenix, Arizona.

The patents-in-suit are directed to articles and methods for providing prepaid cellular telephone

service, and enable prepaid services subscribers to both place and receive cellular calls without

dialing access codes or using modified telephones.  *See* Brief of Freedom Wireless at 2.  In their

complaint, Freedom Wireless accuses Suncom and Ericsson of jointly infringing the patents-in-suit.

Freedom Wireless also accuses Suncom of inducing the infringement of the patents-in-suit.

The Suncom entities are incorporated in Delaware, and sell wireless telecommunications

services to customers in North Carolina, South Carolina, Georgia, Tennessee, Puerto Rico, and the

---

[1]     The Suncom entities did not advance independent jurisdictional challenges.
Therefore, the jurisdiction of SWHI and SWI rise and fall on the activities of SWOC, which serves
as the operating organization for the Suncom entities.

Virgin Islands.  *See* Suncom Brief at 1-2.  Although Suncom's customers do not reside in Texas, they are able to make and receive calls within the Eastern District of Texas, and are also able to interact with Suncom from locations within the Eastern District of Texas, such as to replenish their prepaid cellular telephone minutes.  *Id.* at 6.  Additionally, SWOC, which is the operating company for the Suncom entities, is registered to conduct business in Texas, and makes regular filings with the Texas Comptroller of Public Accounts.  *Id.* at 7.

The activities giving rise to Freedom Wireless' complaint began when Suncom contracted with and directed Ericsson to implement, design, manage, and maintain customized systems to support Suncom's prepaid wireless service.  *Id.* at 3 (quoting Suncom press release dated March 27, 2007); Ericsson's Answer at ¶ 13.  Ericsson is located within the Eastern District of Texas, and currently undertakes activity in this district to enable or host Suncom's prepaid wireless services.  Suncom does not dispute that its activities, which provide cellular telephone service to its customers, when combined with the hosting activities of Ericsson, give rise to Freedom Wireless' joint infringement allegations.

3.    **Discussion**

In patent infringement actions, personal jurisdiction is governed by Federal Circuit law. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194 (Fed. Cir. 2003).  The existence of personal jurisdiction over an out-of-state defendant involves two inquiries: (1) whether a forum state's longarm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process.  *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997).  Texas' long-arm statute extends to the limits of due process, *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000); therefore, the two inquires collapse into a single inquiry of whether the exercise of personal jurisdiction comports with due process.  *See*

2

*Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998).  There are two types of personal jurisdiction: specific and general.  *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005).  Specific jurisdiction requires that the plaintiffs' claims arise from or relate to the defendant's contacts with the forum. *Silent Drive*, 326 F.3d at 1200.

Turning to the matter at hand, Suncom has an ongoing business relationship with Ericsson, which is located in the Eastern District of Texas.  Suncom contracts with Ericsson to provide services and equipment in the Eastern District to enable prepaid wireless telephone service to Suncom's customers.  These activities by Ericsson, when combined with activities performed by Suncom, give rise to Freedom Wireless' joint infringement allegations.  This relationship between the defendants confers specific jurisdiction in this district.[2] *T-Netix, Inc. v. Global Tel*Link Corp.*, No. 2:06-CV-426, slip op. at 3 (E.D. Tex. Sept. 26, 2007) (citing *Ralston Purina Co v. Far-Mar-Co, Inc.*, 586 F. Supp. 1176, 1225, aff'd in part, rev'd in part on other grounds, 772 F.2d 1570 (Fed. Cir. 1985) ("It is well settled that a party cannot avoid infringement merely by having a third-party practice one or more of the required steps.")).

The next inquiry is whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice," *i.e.*, whether the assertion of jurisdiction is reasonable under the circumstances of case.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The "reasonableness" analysis is guided by the following factors: (1) the burden that the exercise of jurisdiction will impose on the defendant, (2) the interests of the forum state in adjudicating the case,

---

[2]    Suncom relies on *Freedom Wireless, Inc. v. Boston Comm. Group, Inc.*. 218 F. Supp. 2d 19 (D. Mass. 2002) to suggest that this district does not has sufficient contacts with Suncom to establish personal jurisdiction.  The court rejects Suncom's arguments, in part, because of the nature of the activities giving rise to the infringement allegations in this case, *e.g.* joint infringement and induced infringement under § 271(a)-(c), as opposed to the nature of the activities giving rise to the infringement allegations in the Massachusetts case, *e.g.* infringement under § 271(f)(2).

(3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy, and (5) the shared interest of the states in furthering substantive social policies.  *Asahi Metal Ind. Co., Ltd. v. Superior Ct. of Cal., Solano City*, 480 U.S. 102, 113-14, (1987).  Here, Suncom actively conducts business in Texas with Ericsson, is registered to conduct business in Texas, and makes regular filings with the Texas Comptroller of Public Accounts.  Asserting jurisdiction over Suncom in the Eastern District of Texas, therefore, is consistent with the traditional notions of fair play.  *T-Netix, Inc.*, slip op. at 3 (E.D. Tex. Sept. 26, 2007).

**4.     Conclusion**

In view of the above, the court determines that the Eastern District of Texas has specific jurisdiction over Suncom for the purpose of adjudicating the patent infringement claims at hand. The court also determines that the assertion of jurisdiction over Suncom is reasonable and does not violate traditional notions of fair play.  As such, the court denies Suncom's motion (#31) to dismiss for lack of personal jurisdiction.

SIGNED this 31st day of March, 2008.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE